IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Santa Clara Valley Historical Association, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: |
| v. | § § | **COMPLAINT** |
| Blaze Media, LLC, | § § § | DEMAND FOR JURY TRIAL |
| Defendant. | § § § | |

Plaintiff Santa Clara Valley Historical Association ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Blaze Media, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates videos and owns the rights to these videos which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as blazetv.com (the "*Website*").

4. Defendant owns and operates a social media account on YouTube with the name "The Rubin Report" (the "*YT Account*").

5. Defendant owns and operates a social media account on Facebook with the name "@rubinreport" (the "*FB Account*").

6. Defendant owns and operates a social media account on Rumble with the name "The Rubin Report" (the "*RB Account*").

7. Defendant creates and disseminates audio programming, specifically podcasts as a

1

compliment and in conjunction with its entertainment productions which are displayed and/or viewable on Spotify, Apple Podcasts, Audible, Amazon Music, Anghami, TuneIn, ACast, Radioline, and PodBean (the "*Podcasts*").

8. Defendant, without permission or authorization from Plaintiff actively copied, stored, displayed, and/or utilized Plaintiff's Video on the Website, YT Account, FB Account, RB Account (hereinafter collectively "*Accounts*"), as well as the Podcasts and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

9. Plaintiff Santa Clara Valley Historical Association is an Oregon nonprofit organization and maintains a principal place of business in Lane County, Oregon.

10. Upon information and belief, Defendant Blaze Media, LLC, is a Delaware limited liability company with an office address at 6301 Riverside Drive, Irving, Texas 75039.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. This Court has personal jurisdiction over Blaze Media, LLC because it operates and transacts business in Texas.

13. This Court also has personal jurisdiction over Blaze Media LLC under the applicable long-arm jurisdictional statute of Texas because it purposely directs substantial activities at the residents of Texas by means of the Website, Accounts, and Podcasts.

14. Venue is proper under 28 U.S.C. §1391(a)(2) because Blaze Media, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

15. Plaintiff is the legal and rightful owner of videos which Plaintiff licenses to online and print publications.

16. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

17. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

18. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

19. Plaintiff creates exclusive videos in which opportunities are very limited and are non-reproducible.

20. Blaze Media, LLC is the registered owner of the Website and the Accounts and is responsible for its content.

21. Blaze Media, LLC is the operator of the Website and the Accounts and is responsible for its content.

22. The Website and the Accounts are popular and lucrative commercial enterprises.

23. The Website and the Accounts are monetized in that they contain paid advertisements and, upon information and belief, Defendant profits from these activities.

24. The Website is monetized in that it sells merchandise and subscriptions to the public and, upon information and belief, Defendant profits from these activities.

25. Upon information and belief, Defendant posts and/or causes to be displayed its Podcasts on varying web platforms and, upon information and belief, Defendant profits from these

activities.

26. On February 6, 1995, Plaintiff authored a video interview with Steve Jobs (the "*Video*"). A still image from the Video is attached hereto as Exhibit 1.

27. The Video was registered by the USCO on September 9, 2019 under Registration No. PA 2-211-513.

28. On April 16, 2022, Plaintiff first observed the Video on the Website, Accounts, and the Podcasts in a production created and distributed by Defendant dated April 7, 2022 and titled "STEVE JOBS' LIFE ADVICE WILL GIVE YOU GOOSEBUMPS & ALTER YOUR FUTURE | DIRECT MESSAGE" (the "*Episode*"). Copies of the screengrabs of the Website, the Accounts, as well as the Podcasts including the Episode are attached hereto as Exhibit 2.

29. The Video was displayed at URLs:

- https://www.blazetv.com/watch/channel/series/lMvbTWJhgrUX-steve-jobs-advice-will-give-you-goose-bumps--change-your-future--ep-835,
- https://www.facebook.com/rubinreport/videos/steve-jobs-advice-will-give-you-goose-bumps-change-your-future/1642800476084104/,
- https://rumble.com/v1047sz-steve-jobs-advice-will-give-you-goose-bumps-and-change-your-future-direct-m.html,
- https://www.bitchute.com/video/jbFZZFVKfTA, and at

30. The audio portion of the Video can be accessed at URLs:

- https://open.spotify.com/episode/5JkZgMqxLgfLuEm0HQ70mb,
- https://podcasts.apple.com/us/podcast/steve-jobs-life-advice-will-give-you-goosebumps-alter/id1052842770?i=1000556539718,
- https://www.audible.com/pd/Steve-Jobs-Life-Advice-Will-Give-You-Goosebumps-Alter-Your-Future-DIRECT-MESSAGE-Podcast/B09VRFV4XS,
- https://music.amazon.ca/podcasts/a9bd0a6f-2e73-4819-8241-d939cdb9ef76/episodes/4f76b4e2-5ff7-4e32-8466-cc2d154d6b6d/the-rubin-report-steve-jobs'-life-advice-will-give-you-goosebumps-alter-your-future-direct-message,
- https://play.anghami.com/episode/1048427253,

- https://itg.tunein.com/podcasts/News--Politics-Podcasts/The-Rubin-Report-p898645/?topicId=171141366,
- https://play.acast.com/s/the-rubin-report/124bb1ea-b67a-11ec-b999-17189c8596b8,
- https://fr-fr.radioline.co/podcast-the-rubin-report, and at
- https://www.podbean.com/media/share/dir-kfiex-13468742?utm_campaign=w_share_ep&utm_medium=dlink&utm_source=w_share.

31. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Video.

32. Upon information and belief, portions of the Video were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter collectively as the "*Infringements*" and singularly as the "*Infringement*").

33. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc., 508* F.3d 1146, 1160 (9th Cir. 2007).

34. Each Infringement includes an 89 second copy of Plaintiff's original Video that was directly copied and stored by Defendant on the Website, Accounts, and Podcasts.

35. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, the Accounts and its Podcasts, including, but not limited to copying, posting, selecting, commenting on and/or displaying videos including but not limited to Plaintiff's Video.

36. Upon information and belief, the Video was willfully and volitionally posted to the Website, the Accounts and Podcasts by Defendant.

37. Upon information and belief, Defendant engaged in the Infringements knowingly

and in violation of applicable United States Copyright Laws.

38. Upon information and belief, Defendant's infringing Episode on its FB account was found to be in violation of Facebook's Terms and Services and was removed on May 2, 2022.

39. Upon information and belief, after receiving notification of the takedown of the infringing Episode on Defendant's FB Account, Defendant willingly continued to display the Video on its Website, YT Account, and Podcasts.

40. Upon information and belief, Defendant has the legal right and ability to control and limit its infringing activities on its Website, the Accounts and Podcasts and exercised and/or had the right and ability to exercise such right.

41. Defendant's purpose in utilizing Plaintiff's Video was to use the content's viral value as a hook to attract viewers to watch Defendant's online content. Plaintiff's Video is spliced in after commercial advertisements near the beginning of the Episode. Viewers are required to sit through multiple strategically placed commercial advertisements before viewing Plaintiff's Video. Most of Defendant's Video consists of a question-and-answer session following the segment about Steve Jobs. This question-and-answer session is not relevant to Plaintiff's Video about Steve Jobs.

42. Upon information and belief, Defendant monitors the content on its Website, the Accounts, and Podcasts.

43. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

44. Upon information and belief, the Infringements increased traffic to the Website, the Accounts, and Podcasts and, in turn, caused Defendant to realize an increase in its advertising revenues, merchandise sales, and/or subscription sales.

45. Upon information and belief, a large number of people have viewed the unlawful

copies of the Video on the Website, Accounts, and Podcasts.

46. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

48. Plaintiff's Video is licensed on a limited basis for various uses by which the mass dissemination of Plaintiff's Video by Defendant egregiously harms Plaintiff's ability to monetize its copyright protected work by eliminating the exclusivity of where and by whom the Video is reproduced and/or displayed.

49. Plaintiff is a nonprofit organization that preserves the integrity of its interviews with important historical figures by controlling the release and usage of its content while vigilantly and proactively monitoring the Internet for potential copyright infringements.

50. Defendant misrepresents Plaintiff's purpose for the Video by introducing it as a "Motivational Speech," however, the Video depicts a private unscripted interview researched and conducted by Plaintiff in 1994.

51. Defendant uses a sensationalized headline about Steve Jobs linked to the Video to attract viewers into watching the Episode. The Video thumbnail has an image of Steve Jobs from another source, and the description of the Video focuses on Steve Jobs. However, most of the Episode is a question-and-answer session irrelevant to Steve Jobs.

52. Defendant uses the entire 'heart of the interview' in its Episode. This 'heart of the interview' segment is the most valuable part of the full Steve Jobs 1994 Interview. The 'heart of the interview' segment is on Plaintiff's YouTube channel and is available for limited licensing. Defendant is usurping Plaintiff's market for this original 'heart of the interview' by attracting their

large viewership to the content rather than to the original.

53. Defendant's usage of the Video includes a significant amount of advertising including: (i) promotions for Dave Rubin's new book; (ii) ticket promotions for a Dave Rubin event; (iii) advertising for their sponsor, BullionMax; (iv) advertising links below the video; and (v) YouTube ads that appear throughout the program. Upon information and belief, all of these advertisements have generated revenue for Defendant through the exploitation of Plaintiff's Video.

54. Defendant's usage of the Video also impedes Plaintiff's ability to control the Steve Jobs footage because Defendant's program is syndicated on multiple platforms and archived for perpetual use to a large public audience.

55. Defendant's usage has created a higher chance for the content to become exposed to widespread unauthorized use by others, which is adverse to Plaintiff's mission and intended usage of the Video.

56. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

57. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

58. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

59. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

60. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby

violating one of Plaintiff's exclusive rights in its copyrights.

61.     Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

62.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing uploads on the Website, Accounts, and Podcasts.

63.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

64.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

65.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: March 14, 2023

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (CS4163)
333 Earle Ovington Boulevard, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125643
*Attorneys for Plaintiff*